IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-CV-58-BO

| | |
|---|---|
| DOMTAR AI INC. and its affiliate,<br>ASSOCIATED HYGENIC PRODUCTS<br>LLC,<br>      Plaintiffs,<br><br>v.<br><br>J.D. IRVING, LTD., IRVING PERSONAL<br>CARE, LTD., and JAMES DEFELICE,<br>      Defendants. | **ORDER** |

This cause comes before the Court on plaintiffs' motion for preliminary injunction [DE 11], and defendants' motion to stay [DE 16]. A hearing was held on these matters on April 25, 2014 at 11:00 a.m. in Raleigh, North Carolina. For the reasons discussed below, the motion for preliminary injunction is DENIED and the motion to stay is HELD IN ABEYANCE until motions practice before this Court is concluded.

## BACKGROUND

Plaintiffs filed this action in aid of arbitration on January 31, 2014, seeking injunctive relief and alleging claims for breach of contract, unfair competition and unfair and deceptive trade practices, violation of the North Carolina Uniform Trade Secrets Protection Act ("UTSPA"), tortious interference with contractual relations, conspiracy, and conversion. The complaint alleges that defendant DeFelice was hired by plaintiff Associated Hygiene Products ("AHP") in December 2009 and thereafter executed an employment agreement that contains covenants not to compete and to protect against the disclosure of confidential information. AHP was acquired by plaintiff Domtar AI Inc. ("Domtar") in June 2013 and became a wholly-owned

subsidiary thereof; all agreements to which AHP was a party were assigned to and accepted by Domtar.

Defendant DeFelice notified plaintiffs that he intended to resign to accept employment with defendant J.D. Irving ("JDI"), who plaintiffs contend is a direct competitor in the baby diaper product segment. Plaintiffs thereafter filed this suit. JDI then moved to transfer this case to the Northern District of Georgia. On the same day, plaintiffs filed an amended complaint and a motion for preliminary injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure. Plaintiffs then requested an expedited hearing on their motion for preliminary injunction, and defendant JDI moved to stay this matter pending resolution of its own motion for injunctive relief filed in the Northern District of Georgia, or for an expedited hearing on its motion to transfer.[1] On March 26, 2014, the Court entered an order denying the motion to transfer [DE 25]. On April 25, 2014, the Court held a hearing on the motion for preliminary injunction and the motion to stay. The matters are now ripe for ruling.

## DISCUSSION

I.     MOTION FOR PRELIMINARY INJUNCTION.

"A preliminary injunction is an extraordinary and drastic remedy." *Munaf v. Green*, 533 U.S. 674 (2008). A movant must make a clear showing of *each* of four elements before a preliminary injunction may issue: (1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *see also Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342, 347 (4th Cir. 2009) (holding that the *Blackwelder* balance-of-

---

[1] On March 25, 2014, defendant DeFelice and defendant Irving Personal Care notified the Court of their consent to and joining in J.D. Irving's motion to transfer and motion to stay. [DE 24].

2

hardships test no longer applies in light of *Winter*) *vacated on other grounds*, 130 S. Ct. 2371 (2010) (memorandum opinion). Plaintiffs seek injunctive relief on their breach of contract claim against DeFelice and their NCTSPA claim against all defendants. Applying the standard announced in *Winter*, the Court finds that plaintiffs have failed to demonstrate that they are entitled to preliminary injunctive relief.

        A.      Breach of Contract Claim.

              i.      Likelihood of success on the merits.

The Court first considers the employment agreement between AHP and DeFelice to determine whether AHP has demonstrated a likelihood of success on the merits on its breach of contract claim. The Court notes that it need not decide which state's law governs the contract at this time as plaintiffs fail to demonstrate that they are entitled to preliminary injunction relief whether the matter is analyzed under either North Carolina or Georgia law.

Defendants argue that DeFelice's employment by JDI and its subsidiary Irving Personal Care Ltd. ("IPC") as vice president of supply chain management in Moncton, Canada is not a breach of the Agreement. The noncompete purports to restrict DeFelice from (i) working in the diaper industry (ii) anywhere within the United States (iii) in the same capacity as he was employed by AHP (iv) for JDI/IPC and other competitors. Defendants point out that DeFelice is not working for JDI in the United States, he is working for them in Canada. Plaintiffs counter that where DeFelice is physically when performing his job is of little significance because his work for JDI will have a significant impact on Domtar's business in the United States.

Both Georgia and North Carolina law consider reasonableness as to time and territory when adjudging the permissibility of restrictive employment covenants. *A.E.P. Indus., Inc. v. McClure*, 302 S.E.2d 754, 760 (N.C. 1983); *Aga v. Rubin*, 533 S.E.2d 804, 805 (Ga. App. 2000).

3

By arguing that DeFelice's work in Canada would have an impact on Domtar's business in the United States and is therefore prohibited by the contract, plaintiffs essentially argue that there is no territorial restriction on the contract. Indeed, in today's interconnected world, if DeFelice worked for JDI in Europe, or Mexico, or any country, his work might have some impact on Domtar's business in the United States. Domtar's interpretation of its own contract that would allow DeFelice to be in breach by working in Canada greatly expands the territorial scope of the contract to what is probably an impermissible degree under both Georgia and North Carolina law. *See Fuller v. Kolb*, 234 S.E.2d 517 (Ga. 1977) (affirming dismissal of employer's suit to enforce restrictive covenant because the absence of territorial limitations renders covenant void); *Hartman v. W.H. Odell and Assocs., Inc.*, 450 S.E.2d 912, 917 (N.C. App. 1994) (noncompete with "nationwide" scope overbroad and unenforceable). Therefore it is not likely that plaintiff's claim for breach of contract based on the noncompete covenant would succeed on the merits.

Plaintiffs also have not shown that their breach of contract claim based on the nonsolicitation restriction in the agreement is likely to succeed on the merits. Defendants argue that DeFelice was not involved in soliciting business for plaintiffs and therefore forcing him to comply with the customer nonsolicitation restriction renders it, and all other restrictions in the agreement unenforceable. *See Capricorn Sys., Inc. v. Pednekar*, 546 S.E.2d 554, 557 (Ga. App. 2001) (noncompete and nonsolicit overbroad where not restricted to activity that employee had actually engaged in for former employer); *Adv. Tech. Consultants Inc. v. Roadtrac, LLC*, 551 S.E.2d 735, 737 (Ga. App. 2001) (overbroad nonsolicit automatically invalidated all other restrictive covenants in the same agreement).

4

ii.  Likelihood to suffer irreparable harm.

Plaintiffs have not presented any evidence that they would be irreparably harmed by DeFelice's continued employment with JDI. Plaintiffs delayed seeking a preliminary injunction for six weeks after the filing of their complaint and two months after the termination of DeFelice. This supports a finding that they are not suffering an irreparable harm. *Southtech Orthopedics, Inc. v. Dingus*, 428 F. Supp. 2d 410, 420 (E.D.N.C. 2006). Further plaintiffs do not point to the defection of a single customer, the loss of a single sale, or any other harm suffered as a result of DeFelice's employment with JDI.

Because plaintiffs do not establish a likelihood of success on the merits of their breach of contract claim, or show a likelihood to suffer irreparable harm from DeFelice's alleged breach, the preliminary injunction is denied as to plaintiffs' breach of contract claim.

B.  UTSPA Claim.

Plaintiffs seek an order enjoining defendant DeFelice from disclosing, accessing, or utilizing any of plaintiffs' trade secret and proprietary and confidential information, including that he be "walled" from any responsibilities at JDI in which he is in position to disclose, access, or utilize any of plaintiffs' trade secret and proprietary and confidential information.

For the same reasons articulated by the Court *supra* Part I.A.ii., plaintiffs have failed to establish a likelihood of irreparable harm. The delay between DeFelice's termination and plaintiffs' filing for a preliminary injunction suggests that fear of irreparable harm is less than dire. The absence of irreparable harm is sufficient to deny plaintiffs' motion for preliminary injunction. Accordingly it is denied as to plaintiffs' UTSPA claim.

5

II. MOTION TO STAY.

Having considered the competing interests and in exercising its judgment, the Court declines to rule on the motion to stay at this time. It shall be held in abeyance until motions practice before this Court has concluded.

## CONCLUSION

For the reasons discussed above, plaintiffs' motion for preliminary injunction [DE 11] is DENIED. Defendants' motion to stay [DE 16] is HELD IN ABEYANCE until motions practice before this Court is concluded.

SO ORDERED, this 6 day of May, 2014.

Terrence W. Boyle
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

6

Case 5:14-cv-00058-BO   Document 38   Filed 05/06/14   Page 6 of 6