IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-CV-58-BO

| | | |
|---|---|---|
| DOMTAR AI INC. and its affiliate, ASSOCIATED HYGENIC PRODUCTS LLC, <br> Plaintiffs, <br><br> v. <br><br> J.D. IRVING, LTD., IRVING PERSONAL CARE, LTD., and JAMES DEFELICE, <br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) | **ORDER** |

This cause comes before the Court on defendants' motion for sanctions [DE 52] and defendant's second motion for sanctions [DE 57]. For the reasons discussed below, the motions are DENIED.

## BACKGROUND

Plaintiffs filed this action on January 31, 2014, seeking injunctive relief and alleging claims for breach of contract, unfair competition and unfair and deceptive trade practices, violation of the North Carolina Uniform Trade Secrets Protection Act ("UTSPA"), tortious interference with contractual relations, conspiracy, and conversion. The complaint alleges that defendant DeFelice was hired by plaintiff Associated Hygiene Products ("AHP") in December 2009 and thereafter executed an employment agreement that contains covenants not to compete and to protect against the disclosure of confidential information. AHP was acquired by plaintiff Domtar AI Inc. ("Domtar") in June 2013 and became a wholly-owned subsidiary thereof; all agreements to which AHP was a party were assigned to and accepted by Domtar.

Defendant DeFelice notified plaintiffs that he intended to resign to accept employment with defendant J.D. Irving ("JDI"), who plaintiffs contend is a direct competitor in the baby diaper product segment. Plaintiffs thereafter filed this suit. On August 20, 2014, the Court entered an order granting the defendants' motion for judgment on the pleadings. All that remains are the two instant motions for sanctions.

## DISCUSSION

Defendants seek sanctions, costs, and attorney's fees against plaintiffs Domtar and AHP in both of their motions for sanctions. The first motion was filed after the Court denied defendants' motion for preliminary injunction which defendants contend was filed for an improper purpose and asserted allegations and arguments against defendants that lacked substantial justification. The second motion was filed after the Court granted defendants' motion for judgment on the pleadings and alleges that the complaint and amended complaint were filed for an improper purpose, asserting allegations and claims against defendants bereft of any factual support or legal support and which resulted in vexatious litigation which unreasonably multiplied the proceedings.

Sanctions are triggered by "extraordinary circumstances" of which there are none here. Extraordinary circumstances are those where bad faith or abuse exist. *Hensley v. Alcon Labs.*, 277 F.3d 535, 543 (4th Cir. 2002) (citing *Chambers v. NASCO, INC.*, 501 U.S. 32, 45-46 (1991). This Court has the inherent authority to issue sanctions, but is cautioned that the exercise of this authority should be done "with restraint and discretion." *Chambers*, 501 U.S. at 44. Specifically, to issue sanctions, the Court must find that a party "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Id.* at 45-46 (citing *Alyeska Pipeline Serv. Co. v. Wilderness Soc.*, 421 U.S. 240, 258-59 (1975)). "Without such findings, under the American Rule, each party remains

2

responsible for its own fees." *Hensley*, 277 F.3d at 543 (citing *Alyeska*, 421 U.S. at 250)); *see also Capitol Comm'n, Inc. v. Capitol Ministries*, 2013 U.S. Dist. LEXIS 178100, *7 (Dec. 18, 2013) (wherein this Court recognized the "more stringent" standard for awarding fees under the Court's "inherent authority" and denied an award of fees).

It is without argument that the Court rejected all of plaintiffs' arguments in denying its motion for preliminary injunction [DE 38] and granting defendants' motion for judgment on the pleadings [DE 55]. However, the Court does not find that plaintiffs acted "in bad faith, vexatiously, wantonly, or for oppressive reasons." Succeeding on their motion for judgment on the pleadings at an early stage of this litigation, while indicative of the weakness of plaintiffs' complaint and legal theories, is reward enough for defendants. Defendants have not pointed to clear evidence of bad faith or vexatious litigation in their motions for sanctions and have merely restated their arguments against plaintiffs' motions and arguments. The Court has already agreed that defendants' arguments were correct and acted upon that agreement by denying the motion for preliminary injunction and granting judgment on the pleadings. However, to merit sanctions, there must be more than the fact that the Court rejected plaintiffs' arguments. In this case there is not and defendants' motions for sanctions are DENIED.

## CONCLUSION

For the reasons discussed above, defendants' motions for sanctions are DENIED. Now that all pending matters have been resolved, the Clerk is DIRECTED to close the file.

SO ORDERED, this 17 day of December, 2014.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

3